**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

TERRY HARDING, also known as
Terrell Harding, also known as Terry
Terrell Harding, also known as T-Roc,

　　　　Defendant-Appellant.

No. 00-5136
(D.C. No. 99-CR-72-K)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Terrell Harding appeals from his conviction for bank robbery, aiding and abetting, and use of a firearm during a crime of violence. He challenges three evidentiary rulings by the district court as improper and prejudicial and contends that they require reversal, either as fundamental or plain error. Our jurisdiction over this appeal arises from 28 U.S.C. § 1291; we review the district court's rulings to admit or exclude evidence only for an abuse of the court's discretion. *United States v. Davis*, 40 F.3d 1069, 1073 (10th Cir. 1994).

Our review of the record on appeal in light of the standard of review and applicable substantive law convinces us that the challenged evidentiary rulings were not error. First, defendant contends that certain testimony from a bank teller who witnessed the crime--that she feared for her life and that another teller was crying--was irrelevant and unduly prejudicial. The statutory provisions under which defendant was charged and ultimately convicted, 18 U.S.C. § 2113(a), (d), make it clear that this testimony was relevant.[1] Further, in light of ample other, unchallenged, testimony regarding defendant's repeated threats to kill her and her belief in that intent, the challenged testimony was not unduly prejudicial.

---

[1] Section 2113(a) proscribes the taking of bank monies "by force and violence, or by intimidation." Section 2113(d) provides for an additional term of incarceration for a person who, in committing a bank robbery, "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device."

Second, defendant contends that the district court wrongly allowed testimony regarding an accomplice's prior convictions, including a conviction for perjury for falsely testifying in defendant's first criminal trial. He argues that the government was trying to infer he had threatened his accomplice. The trial transcript indicates that the accomplice was directly asked several times whether defendant had threatened him or coerced his false testimony in any way; however, the accomplice denied any threats or fear of defendant in connection with his testimony. Accordingly, defendant has shown no prejudice arising from this testimony. Without a showing of prejudice, defendant cannot prevail on his argument that the error amounted to plain error. [2] *See United States v. Olano*, 507 U.S. 725, 734 (1993) (noting that defendant has the burden of persuasion with regard to prejudice resulting from plain error).

Lastly, defendant contends that the district court improperly restricted testimony of his accomplice on cross-examination regarding the accomplice's understanding of his plea agreement with the government. This argument has no merit. Despite the district court's ruling restricting testimony which conflicted with Fed. R. Crim. P. 11(e), [3] defendant's accomplice was allowed to testify fully

---

[2] Defense counsel did not object to this line of questioning, and therefore this court reviews the challenge only for plain error. *See Dodoo v. Seagate Technology, Inc.*, 235 F.3d 522, 529 (10th Cir. 2000).

[3] Defendant's accomplice was prevented from answering a question from

(continued...)

-3-

as to the benefits of his plea bargain with the government. Therefore the district court's ruling did not result in undue prejudice to defendant.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge

---

[3](...continued)
defense counsel about whether the government had promised him, as part of his plea bargain, concurrent sentencing for his armed robbery and perjury convictions. The district court, in accord with Fed. R. Crim. P. 11(e), noted that the government cannot make such a promise. Rule 11(e)(1)(B) provides that the government can agree to either recommend or not oppose requests for a particular sentencing provision, but notes that the recommendation is not binding on the court.